Good morning, Your Honors. May it please the Court, Vanessa Ortega-Barsh appearing on behalf of the petitioner, Byron Benicio Chinchilla Castaneda, also known as Byron Benicio Pérez Castaneda. Well, try to speak a little slower. Yes, Your Honor. My apologies. If I may, I would reserve two minutes of my time for rebuttal. Sure. This case involves the fundamental question of whether a petitioner is entitled to due process, including the right to be heard by a fair and neutral arbiter. Counsel, we know what the rules are, and let me just get right to the issue that concerns me about your position in this particular case. This involves the same immigration judge as the last case, but invoking her name is not a silver bullet. You can't just say, well, I had so-and-so as my judge, and therefore I win. What exactly is your strongest argument in this case that there was a due process violation at the hearing that caused prejudice to your client? At the hearing, Your Honor, my strongest argument would be that the immigration judge was already predisposed to deny the case. She took none of the evidence into consideration. And, in fact, unfortunately, the evidence that she did rely upon was erroneous. In the motion to review the case ---- That sounds a lot like a substantial evidence question. What specifically did she procedurally do wrong besides make a bad decision? This isn't about a bad decision, Your Honor. This is actually about her predisposition and her bias against these types of cases. She repeatedly ---- You have to demonstrate that in this record, not just say, you know, she's well-known for being a bad judge. Yes. She repeatedly actually badgered the witness regarding his name. He tried to explain on the record that it was the notario, the notary public, who had mistakenly put a wrong name on the application. She actually used that as part of her grounds for determining bad moral character because she said that he was being evasive. Is there any evidence that your client sought to put into this record that he was prohibited or precluded from putting into the record? Yes, Your Honor. There was subsequent evidence. Unfortunately, he was also a victim of ineffective ---- What did he try to put into the record that he was prevented from putting into the record? He had said, for example, that the judge asked if he had any evidence that he had filed his taxes because the taxes submitted by a now-disbarred attorney were unsigned. He said that he was ---- that he had been attempting to get a letter from the IRS, basically the tax transfers, establishing that he had ---- basically that he had filed his taxes. He was not given an opportunity to submit those taxes. Unfortunately, he didn't have them with him. He wasn't trying to do it then, right? No, Your Honor. He didn't. Unfortunately, this is a perfect storm. It's not only a case of a predisposed immigration judge. It's also a case of ineffective assistance of counsel by an attorney who was only licensed for seven months, and within this seven-month period ---- The question of the ineffectiveness is not the same as the question of due process. Due process has to do with what the immigration judge does to run the hearing. I would respectfully disagree, Your Honor. Ineffective assistance has been found to be a due process violation as well. Well, but they're not the same thing. If an immigration judge ---- if you had a different immigration judge who was completely mellow and very sympathetic to your client and you still hadn't presented these tax transcripts, you still hadn't presented them. I guess I'm not sure yet that I see what the immigration judge did procedurally that was so egregious that it rises to the level of a due process violation. Again, the primary issue is not just the immigration judge. She's one side of the same coin.  The immigration judge is one aspect of it. The ineffective assistance is the other aspect of it. Together, they come together to culminate in this complete denial of due process. The client tried to explain on the record, again, she relied on the most miniscule of arguments for arguing that he had not demonstrated good moral character. One of those arguments ---- That's a substantive question, though. Yes, Your Honor. However, it's completely baseless. She was fishing for substantiation. She was fishing for a justification to deny this case. How do you know that? Because if you look at her decision, Your Honor, her decision relies on erroneous facts that were proven erroneous in the motion to reopen. For example, she erroneously concluded and repeatedly insisted that he had relied upon Medi-Cal for his children. Now, first and foremost, these are United States citizen children who, on their own, because of the fact that they were United States citizens, were eligible for Medi-Cal. But regardless, that aside, she deemed that because he had relied on Medi-Cal, even though he was erroneous in that statement, that he had not demonstrated good moral character. That is one aspect of the case, Your Honor, that we respectfully submit was in error. Well, who was his lawyer at the time? I'm sorry. The attorney at the time was Otto Pena, who has since been disbarred. He's no longer allowed to practice. That's one of your bases for ineffective assistance, a counsel claim. Yes, Your Honor. It's definitely substantive evidence that he was ineffective. Did he have another lawyer? No. That was his attorney. Just Pena. Yes, Your Honor. And he also represented the client on appeal. Pena represented the client for the BIA. Yes, Your Honor. No evidence was submitted with the BIA that would substantiate the erroneous conclusions. It wasn't until the motion to reopen was filed that our office did where all this evidence was actually submitted. And the arguments for equitable tolling and the motion to reopen were submitted to the Board of Immigration Appeals. Unfortunately, the Board of Immigration Appeals refused erroneously to apply long-established principles of equitable tolling, and it actually failed to even consider the documentary evidence that established that the facts were in error. Well, did you raise the issue of ineffective assistance to counsel before the – have you raised that issue? Yes, Your Honor. We have, multiple times. We raised it within the motion to reopen. We raised it on the motion to reconsider, both of which are now currently consolidated with this incident case. So I would respectfully submit that the immigration judge did not issue a discretionary decision in Mr. Reyes-Castaneda's case precisely because she abandoned her role as a neutral judge, which does, in fact, constitute a due process violation. Because she did that, then any discretionary aspect, which was, in fact, impermissibly based on inaccurate facts, is not, in fact, discretionary in nature, but rather merely an attempt to justify an obvious prejudgment and bias. Second, I would respectfully submit that the Board of Immigration Appeals failed to evaluate evidence submitted by present counsel, which definitively confirms that those facts relied upon to render an adverse decision regarding hardship and good moral character were simply not true. This evidence not only undermines the alleged factual basis for the negative decision of the immigration judge and the Board of Immigration Appeals, but also highlights the ineffective assistance to which Mr. Reyes-Castaneda was subjected and the resultant prejudice. Specifically, within the motion to reopen was included evidence relating to the extreme severity of two United States children's learning disabilities, including hallucinations suffered by one of those children. The years of their... Why don't you just talk to us instead of reading to us? Yes, Your Honor. Here's my concern about the motion to reopen portion. The Board's initial decision was, we'll give you the benefit of hardship to your children. We don't necessarily agree with the immigration judge on that. We'll assume you've shown hardship to the children. Nonetheless, we conclude that this individual is in our discretion, not deserving of relief. And the additional evidence continues to be about hardship, but the Board has already given you the benefit of that. And the second time around, they say, it's not relevant because we've already given you the benefit of the doubt on hardship. Our decision is based on something entirely different. So what is the relevance of this additional hardship evidence when they've already given you that? It does go to the heart of the ineffective assistance of Counsel Queen. That was one of the grounds relied upon by the immigration judge. First and foremost... But it wasn't relied on by the Board. That's my point. The Board said, Petitioner, you're right. Hardship to your children. No problem. You got that. But we still are discretionarily not giving you this relief. So it may have been ineffective. The hardship may be even greater, but the Board's already given you that, regardless of whether the immigration judge did. So I guess I just don't see where it gets you on the motion to reopen. Your Honor, the facts actually submitted with the motion to reopen did also undermine the judge's conclusion. If you look at the decision by the Board of Immigration Appeals on the motion to reopen, the decision relies exclusively on the facts found by the immigration judge. Some of the evidence submitted in the motion to reopen goes to the board. You know, I'm really having a problem hearing you. And you're speaking more rapidly than I wish you would. But are you saying that this business is a matter of discretion, we're going to deny relief? You're saying, well, before there can be a valid exercise of discretion, you have to have a complete record before the decision maker. If you have a hearing where the record is not complete, where you have ineffective assistance of counsel, and this person here that was the counsel at that time had a bad record, and that unless you have a full and fair hearing, then if there's information in the record that is incomplete, that the exercise of just saying, well, I exercise my discretion and deny relief, your argument is that, well, how can you have a valid exercise of discretion if you have a deficient record? Yes, Your Honor. Is that what you're saying? Yes, Your Honor. That is precisely what I'm saying. What you said is exactly on point. What the board attempts to do is it attempts to substantiate, it attempts to mask the due process issues with a label of discretion. And what we would argue is specifically that the board is not entitled to do that. So I believe I'm going to reserve a couple of minutes. Okay. So we'll hear from the judge. Thank you. I'm going to please the Court. My name is Nicole Narrico, again, attorney for the Respondent of the United States. I'm going to start with the motion to reopen. Although there are several petitions before the Court, I'm going to discuss that one in particular because I think that one is predominant in that it addresses the issue of ineffective assistance of counsel. The board denied ---- Well, there was a motion to reopen and reconsider. Correct. Based on ineffective assistance of counsel. Correct. I'd like to just address the equitable totaling issue because I think that's a predominant issue here. The motion to reconsider was denied as the board looked a second time at the ineffective assistance of counsel claim on the motion to reopen based on equitable tolling. And the finding was based on the fact that the petitioner had 90 days to file the motion to reopen based on ineffective assistance of counsel. If you look at the record, Your Honor, it shows that the petitioner consulted with his new counsel on November 20, 2006. And he submits an affidavit stating the same. However, the record also shows that after learning of the immigration judge's decision and before consulting with new counsel, he collected a lot of information from psychologists and other school officials regarding his children's disabilities. He actually attended a number of evaluations. He clearly became aware of the issues with regard to not just Byron but with regard to Osler. Don't we have to consider the date when the petitioner definitively learned of his prior counsel's ineffective assistance? Correct. When he definitively learned. And our argument is he definitively learned on the 20th of November. So he had one meeting. When was the first meeting? November 20th was the day that he met with his counsel. He came back to the lawyer again. And when was that? He came back. If you look at his affidavit, which is on page 18. Just tell me when it was. It was on the 26th of November. On the 26th of November, he says that he returned to his counsel's office with documentation from the schools. However, the record shows that he actually consulted with the schools. It was at that time that he talked to his counsel. Showed them all the documentation. Showed them all the documents and the counsel concluded that there was ineffective assistance. That was the point at which all the documentation was collected. Our argument is on November 20th. At this point, the petitioner goes to his new counsel. He has already been to all the psychiatrists at the school. Has met with these people. Has attended a number of treatment evaluations. Is certainly aware of not only issues with Byron, but issues with his other son, Oscar. What did the new counsel say to him at that first meeting? He says in his affidavit that his new counsel said, It looks like your immigration judge did not consider your children's issues. It looks like you were represented well. And he also shows petitioner the fact that his counsel had been suspended previously. And there was nothing. Our argument is that there's nothing. And then he came back again. They came back again with all the documentation. But at this point, our argument, Your Honor, respectfully, is that on November 20th, he comes to his new counsel. However, he's aware of all of these other documents that exist on his children. Who makes the decision? Who decides? Doesn't he have to have counsel that tells him, Well, I've looked through this. And I conclude that there's ineffective assistance of counsel. And we can use that as a basis for a motion to reopen. Yes, but there's also an issue with regard to when he first had suspicion and whether or not he was diligent. The policy of the government has been, still is as far as I know, is that a disbarred lawyer is better than no lawyer. Did you know that? The policy of the government? You mean the U.S. government? Yeah, yeah. The Justice Department.  What? We're making an argument here today that he definitively learned of his counsel's fraud on November 20th. And the fact that he didn't need six additional days, which his counsel argues only to allow themselves to get within that 90-day period. So this poor man, when he comes with all this information that the lawyer asked him to gather and bring back, when he got this information, at that time he's supposed to make the decision that his counsel was incompetent. I mean, isn't that the rule, that it has to be definitively learned? It has to be definitively learned. But the rule is also the fact that he's to be acting diligently up until that point. And he certainly was aware on that date when he met with his counsel, his counsel could ask him questions about his children. He knew about his children's conditions. The fact that they had not collected every piece of information regarding, you know, what was not or was submitted is not the point at which. All right. Well, I understand your argument. Yeah, that's our argument. But I also want to address the issue of due process. As the judge pointed out, in this case the only challenge that was raised with regard to due process went to the immigration judge's name and use of his name on the asylum application. And this alone, this questioning alone, does not create a due process violation because it didn't render the proceedings unfair, nor did it ultimately prejudice the case. I mean, that fact remained in his file, and there's no reason to believe that that fact in any way would, the outcome would be different based merely on the fact that the judge had been persistent in her questioning the petitioner on that issue. May I ask a question about your presentation on the elements of ineffective assistance, you know, on the question of hardship on one hand and discretionary relief on the other? Right. I had the sense reading your brief that you dealt with these in almost as though they were medically sealed containers. And my trouble with your case is that it seems to me that when you look at discretion, when you exercise discretion, you've got to look at the record taken as a whole, all of the factors. And that would include the hardship factors. Right. And that in this particular case, because of the ineffectiveness of counsel, those hardship factors were never completely developed. And that the board really overlooked that in deciding to rest its decision on exercise of discretion. That it really should have allowed a full development of the record and looked at all of the factors, including the full development on the hardship issue. And I'd like your view on that. Okay. Yes. As an initial matter, I'd just like to point out again that our argument is that the ineffective assistance of counsel issue has simply been told has not been raised properly and was out of time. I understand your position. And being that that were the case, we also argue that there's not an indication that these facts were not considered in the first case by the board. I mean, there was evidence in the record regarding the disabilities of the children. And the fact that there wasn't cumulative evidence that there wasn't additional evidence at that time does not indicate that it wasn't at least taken into consideration. And that's all I have on that matter. Thank you. Any further questions? Any further questions? Okay. Thank you very much. You want to say something? Just to go back to the equitable tolling issue that the government did raise, she did, in fact, mention that the initial consultation was on November 20th. If every attorney were to be held liable for the initial consultation and charged with discovering every ineffective assistance of counsel, no attorney would ever initiate a consultation. The date that is controlling is a date that he came back with all the evidence, and that date is November 26th. As Your Honor pointed out, it is a date that he definitively learned that he had been ineffectively assisted in the case. Furthermore, this honorable immigration court has previously compared the immigration laws in complexity only second to the tax laws of this United States. Where is that going to get you by telling me that? Because, Your Honor. I don't know why lawyers do that. You know, they say, well, as Your Honor said in this case. Your Honor.  Yes, Your Honor. They're all famous cases, we know that. Yes, Your Honor. Well, what that goes to say is that the petitioner in this case cannot be charged with understanding. Even if he did have the facts in his hands, he cannot be expected to understand how to apply those facts. Lastly, in terms of the due process. Like the sentencing guidelines. Okay, go ahead. Yes, Your Honor. The due process in question here is on the record as a whole. The immigration judge and the board unfortunately had the wrong facts. And they did not allow the introduction of extra facts that would basically undermine their reasons. Because the immigration judge was already predisposed to deny the case from the beginning, she unfortunately did not consider the record as a whole, as Your Honor pointed out. And I'll conclude for now. Thank you. Okay, thank you. We're going to take a recess at this time. We'll be back. All rise. This court is in recess. All right, we're in optional capital versus capital. Thank you.
judges: Pregerson, Ripple (7th Cir.), Graber, Cjj